|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |

| | |
|---|---|
| JULIA TRINIDAD NIEVES, | |
| Plaintiff, | Civil No. 05-2343 (JAF) |
| v. | |
| RANGER AMERICAN OF PUERTO RICO, INC., | |
| Defendant. | |

**O R D E R**

Plaintiff, Julia Trinidad Nieves, filed the present complaint against Defendant, Ranger American of Puerto Rico, Inc., alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5 et seq. (2005), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634 (1994 & Supp. 2005), and various state laws. Docket Document No. 1. On February 23, 2006, Defendant filed a motion to dimiss Plaintiff's ADEA claims, asserting that Plaintiff had failed to exhaust her administrative remedies. Docket Document No. 6. On March 10, 2006, Defendant filed a motion requesting the court to deem its motion to dismiss as unopposed, as Plaintiff had failed to file a written objection within ten days, pursuant to Local Rule 7.1(b), D.P.R. Local R. 7.1(b). Docket Document No. 9.

On March 13, 2006, Plaintiff filed an informative motion agreeing to the dismissal of her ADEA claim, but requested the court

Civil No. 05-2343 (JAF)                                              -2-

to retain supplemental jurisdiction over her age discrimination claims, insofar as they allege violations of Commonwealth Law 100 ("Law 100"), 29 L.P.R.A. § 146 et. seq. Docket Document No. 10. In light of Plaintiff's Informative Motion, our sole consideration is whether, given the dismissal of Plaintiff's ADEA claim, this court should continue to entertain Plaintiff's pendent Law 100 age discrimination claim.

Pendent or supplemental jurisdiction exists whenever there is a claim arising under the Constitution, the laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute but one constitutional case. The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715 (1966); Rodriguez v. Doral Mortgage, 57 F.3d 1168, 1175 (1st Cir. 1995).

We believe that it is currently premature to hold that Plaintiff's Law 100 claims are not substantially related to her surviving Title VII claims and, therefore, choose, for the time being, to retain supplemental jurisdiction over Plaintiff's state law age discrimination claims.

In accordance with the foregoing, we **GRANT IN PART** Defendant's motion to dismiss, Docket Document No. 6, thereby disposing of

Civil No. 05-2343 (JAF)                                                    -3-

Plaintiff's ADEA claims.  However, we choose to retain supplemental jurisdiction over her Law 100 age discrimination claims.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of March, 2006.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge